KM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alvaro Quezada,<br><br>    Plaintiff,<br><br>vs.<br><br>A. Hedgpeth, et al.,<br><br>    Defendants. | No. CV 1-08-1404-FRZ<br><br>**ORDER** |

This case was reassigned to the undersigned judge on November 25, 2008. Plaintiff Alvaro Quezada, who is confined in the Kern Valley State Prison, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). The Court will dismiss the Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

JDDL

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed with leave to amend because the Complaint may possibly be saved by amendment.

## II. Complaint

In the Complaint, Plaintiff names the following Defendants who are employed at the Kern Valley State Prison: Warden A. Hedgpeth; Custody Captain of Central Operations E.G. Flores; Facility Captain R.W. Nipper; Facility Captain J.D. Soto; and Chief Inmate Appeals Coordinator N. Grannis.

Plaintiff raises two grounds for relief in the Complaint in which he alleges violations of his First, Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff claims appear to challenge discriminatory treatment, retaliation, conditions of confinement, and grievance procedures. Plaintiff seeks declaratory relief and money damages.

## III. Failure to Comply with Rules 8 and 10 of the Federal Rules of Civil Procedure

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

The Court has reviewed Plaintiff's Complaint and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's Complaint is composed of a lengthy factual narrative followed by two general grounds for relief that raise multiple claims per count and make only vague and conclusory allegations against Defendants as a group. The Court cannot meaningfully review the Complaint, as required by 28 U.S.C. § 1915A(a). Accordingly, the Court will dismiss the Complaint with leave to amend.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Within 30 days, Plaintiff may submit a first amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff must provide information in an amended complaint regarding the Court's jurisdiction and the defendants, and he must divide his lawsuit into separate counts. In each count, Plaintiff must identify the federal constitutional civil right allegedly violated, check the box for the issue most closely involved, state how each defendant participated in the alleged violation at issue, explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff

1    exhausted any available administrative remedies.  Plaintiff must repeat this process for each
2    civil rights claim.  **Plaintiff may allege only one claim per count**.

3         A first amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963
4    F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,
5    1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
6    nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original
7    complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d
8    565, 567 (9th Cir. 1987).

9    **V.   Warnings**

10       **A.   Address Changes**

11   Plaintiff must file and serve a notice of a change of address in accordance with Rule
12   83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include
13   a motion for other relief with a notice of change of address.  Failure to comply may result
14   in dismissal of this action.

15       **B.   Copies**

16   Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>
17   LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further
18   notice to Plaintiff.

19       **C.   Possible Dismissal**

20   If Plaintiff fails to timely comply with every provision of this Order, including these
21   warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at
22   1260-61 (a district court may dismiss an action for failure to comply with any order of the
23   Court).

24

25   **IT IS ORDERED:**

26      (1)   The Complaint (Doc. #1) is **dismissed** for failure to comply with Rules 8 and
27   10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order
28   is filed to file an amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(3)     The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 2nd day of March, 2009.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge