1                                                                                    KM

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    Alvaro Quezada,                        )    No. CV 1-08-1404-FRZ
                                            )
10               Plaintiff,                  )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12   A. Hedgpeth, et al.,                    )
                                            )
13               Defendants.                 )
                                            )
14

15

16          Plaintiff Alvaro Quezada, who is confined in the Kern Valley State Prison, filed a *pro*

17   *se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  On March 2, 2009, the Court

18   dismissed the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of

19   Civil Procedure.  Plaintiff then filed a First Amended Complaint, which the Court dismissed

20   with leave to amend.  On June 1, 2009, Plaintiff filed a Second Amended Complaint  (Doc.

21   #18).  The Court will order Defendants Hedgpeth, Flores, Nipper, and Soto to answer Counts

22   I, II, and III of the Second Amended Complaint and will dismiss the remaining Defendant

23   without prejudice.

24   **I.       Statutory Screening of Prisoner Complaints**

25          The Court is required to screen complaints brought by prisoners seeking relief against

26   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

27   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

28   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

JDDL

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.

2  28 U.S.C. § 1915A(b)(1), (2).

3  **II.      Second Amended Complaint**

4       In the Second Amended Complaint, Plaintiff sues Defendants Warden A Hedgpeth,

5  Custody Captain of Cental Operations E.G. Flores, B-Facility Captain R.W. Nipper, B-

6  Facility Captain J.D. Soto, and Chief Inmate Appeals Coordinator N. Grannis.

7       Plaintiff raises three grounds for relief in the Second Amended Complaint:

8       (1)    Plaintiff's Fourteenth Amendment equal protection rights were violated when

9              Defendants placed Plaintiff and other Hispanic inmates on lock-down for an

10             extended period of time but did not subject inmates of other races to the same

11             treatment, conspired to violate Plaintiff's constitutional rights, and failed to

12             correct the constitutional violations by denying his grievances;

13      (2)    Plaintiff's Eighth Amendment rights were violated when Defendants subjected

14             Plaintiff to a lock-down lasting approximately 8 months during which he was

15             confined to his cell for 24 hours per day with no outdoor exercise, conspired

16             to violate Plaintiff's Eighth Amendment rights, and failed to correct the

17             constitutional violations by denying his grievances; and

18      (3)    Defendants Hedgpeth, Soto, and Grannis violated Plaintiff's First Amendment

19             rights when they retaliated against Plaintiff–for filing grievances and acting as

20             an "I.A.C. Rep."–by "affiliating" Plaintiff with the criminal investigation of

21             a prison gang to which he did not belong, and by denying Plaintiff's

22             grievances related to the retaliation.

23      Plaintiff seeks declaratory relief and money damages.

24  **III.     Failure to State a Claim**

25       **A.      Defendant Grannis**

26       The mere denial of a grievance does not give rise to the inference of active

27  unconstitutional behavior.   Where a defendant's only involvement in the allegedly

28  unconstitutional conduct is the denial of administrative grievances, the failure to intervene

JDDL                                          - 2 -

1    on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active

2    unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th

3    Cir. 1999).

4         In Counts I, II, and III, Plaintiff's only allegations against Defendant Grannis are that

5    Defendant Grannis denied his grievances appeals or failed to correct problems with the

6    processing and screening of Plaintiff's grievances. This is insufficient to state a § 1983 claim

7    and the Court will dismiss Defendant Grannis without prejudice.

8         **B.    Conspiracy**

9         In Counts I, II, and III, Plaintiff alleges that Defendants conspired to violate his

10   constitutional rights.

11        In the absence of a specific allegation of "an agreement or meeting of the minds," a

12   plaintiff's conclusory allegations that persons conspired against him will "not support a

13   claim for violation of his constitutional rights under § 1983." Woodrum v. Woodward

14   County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff fails to state a conspiracy

15   claim because he has presented no specific facts to support his claim that Defendants entered

16   into a conspiracy. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th

17   Cir. 1988) (the mere allegation of conspiracy without factual specificity is insufficient).

18   Allegations of conspiracy must be supported by material facts, not mere conclusory

19   statements. Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983); see also Aldabe v. Aldabe,

20   616 F.2d 1089 (9th Cir. 1980); Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988)

21   (allegations of conspiracy must be pled with sufficient specificity and factual support to

22   suggest a "meeting of the minds").

23        Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519

24   (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board

25   of Regents of the Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982). Even a liberal

26   interpretation of a civil rights complaint may not supply essential elements of the claim that

27   were not initially pled. Id. at 268. Accordingly, Plaintiff's conspiracy claims will be

28   dismissed for failure to state a claim.

1    **IV.    Claims for Which an Answer Will be Required**

2         **A.    Count I**

3         In Count I, Plaintiff claims that Defendants Hedgpeth, Flores, Nipper, and Soto

4    violated his Fourteenth Amendment rights when they authorized and implemented a policy

5    of prolonged lock-down status for Hispanic inmates.  Plaintiff alleges that he and other

6    Hispanic inmates were denied outside recreation, canteen privileges, and work privileges

7    while inmates of other races were allowed those privileges.  Liberally construed, Plaintiff's

8    allegations state an equal protection claim and the Court will require Defendants Hedgpeth,

9    Flores, Nipper, and Soto to answer Count I.

10        **B.    Count II**

11        In Count II, Plaintiff alleges that Defendants Hedgpeth, Flores, Nipper, and Soto

12   violated his Eighth Amendment rights when they denied him outdoor recreation for

13   approximately 8 months.  Liberally construed, these allegations adequately state a claim and

14   the Court will require Defendants Hedgpeth, Flores, Nipper, and Soto to answer the Eighth

15   Amendment[1] claims in Count II.

16        **C.    Count III**

17        In Count III, Plaintiff claims that Defendants Hedgpeth and Soto violated his First

18   Amendment rights when they retaliated against him for filing grievances and acting as an

19   "I.A.C. Rep.."  Plaintiff claims that Defendants retaliated against Plaintiff "by willfully

20   affiliating Plaintiff to a prison gang's criminal investigation in the hopes of deter[r]ing

21   plaintiff from 1st Amendment activities. . . ."  Plaintiff states that he was not affiliated with

22   the prison gang, Defendants were aware he was not part of the prison gang, Defendants

23   "affiliated" Plaintiff with the prison gang without a valid penological purpose, and

24   Defendants "affiliated" Plaintiff with the gang for the purpose of denying him privileges and

25

26        [1]Plaintiff also appears to raise equal protection claims in Count II.  Because Plaintiff
     raised the same equal protection claims in the Count I, which the Court has already required
27   Defendants to answer, the Court will not require Defendants to again address equal
     protection with respect to Count II.
28

JDDL                                         - 4 -

1   punishing him for filing grievances.  Liberally construed these allegations adequately state

2   a claim and the Court will require Defendants Hedgpeth and Soto to answer Count III.

3   **V.      Motion**

4          On June 1, 2009, Plaintiff filed a "Motion to Rectify Administrative Remedies in

5   Second Amended Complaint" (Doc. #17).  In his Motion, Plaintiff states that the information

6   he provided regarding administrative remedies is inaccurate with respect to Count III of the

7   Second Amended Complaint.  Plaintiff asks that the Court allow Plaintiff to substitute a new

8   page 5 of the Second Amended Complaint which accurately reflects his administrative

9   remedy information with respect to Count III.  The Court will grant the Motion and will

10  substitute page 5 of the Second Amended Complaint with the exhibit attached Plaintiff's

11  Motion to Rectify.

12  **VI.     Warnings**

13         **A.      Address Changes**

14         Plaintiff must file and serve a notice of a change of address in accordance with Rule

15  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

16  a motion for other relief with a notice of change of address.  Failure to comply may result

17  in dismissal of this action.

18         **B.      Copies**

19         Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

20  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

21  notice to Plaintiff.

22         **C.      Possible Dismissal**

23         If Plaintiff fails to timely comply with every provision of this Order, including these

24  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>,

25  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

26  comply with any order of the Court).

27  . . .

28  . . .

JDDL                                          - 5 -

1    **IT IS ORDERED:**

2    (1)     Plaintiff's June 1, 2009 Motion to Rectify Administrative Remedies in Second

3    Amended Complaint (Doc. #17) is **granted**; the exhibit attached to the Motion to Rectify is

4    substituted for page 5 of the Second Amended Complaint.

5    (2)     The conspiracy claims in Counts I, II, and III of the Second Amended

6    Complaint, and  Defendant Grannis are **dismissed** without prejudice.

7    (3)     Defendants Hedgpeth, Flores, Nipper, and Soto must answer Counts I and II

8    of the Second Amended Complaint, and Defendants Hedgpeth and Soto must also answer

9    Count III of the Second Amended Complaint.

10   (4)     The Clerk of Court must send Plaintiff a service packet including the Second

11   Amended Complaint (Doc. #18), the Motion to Rectify Administrative Remedies (Doc. #17)

12   this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of

13   summons and USM-285 forms for Defendants Hedgpeth, Flores, Nipper, and Soto.

14   (5)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and

15   return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit

16   with the Notice of Submission of Documents: a copy of the Complaint for each Defendant,

17   a copy of the Motion to Rectify for each Defendant, a copy of this Order for each Defendant,

18   a completed summons for each Defendant, and a completed USM-285 for each Defendant.

19   (6)     Plaintiff must not attempt service on Defendants and must not request waiver

20   of service.  Once the Clerk of Court has received the Notice of Submission of Documents

21   and the required documents, the Court will direct the United States Marshal to seek waiver

22   of service from each Defendant or serve each Defendant.

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

JDDL

1      (7)     **If Plaintiff fails to return the Notice of Submission of Documents and the**

2 **required documents within 30 days of the date of filing of this Order, the Clerk of Court**

3 **must, without further notice, enter a judgment of dismissal of this action without**

4 **prejudice.** See **Fed. R. Civ. P. 41(b).**

5

6      DATED this 2nd day of July, 2009.

7

8                        FRANK R. ZAPATA

9                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL