EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
TRACY S. HENDRICKSON, State Bar No. 155081
Supervising Deputy Attorney General
KELLI M. HAMMOND, State Bar No. 217485
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-4638
 Fax: (916) 324-5205
 E-mail: Kelli.Hammond@doj.ca.gov
*Attorneys for Defendant Flores*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **ALVARO QUEZADA,** | 1:08-CV-1404 FRZ |
| Plaintiff, | **ANSWER OF DEFENDANT FLORES AND DEMAND FOR JURY TRIAL** |
| v. | |
| A. HEDGPETH, et al., | |
| Defendants. | |

In response to the Second Amended Complaint (Complaint) filed June 1, 2009, Defendant Flores answers as follows:

1. Except as expressly admitted, the allegations of the Complaint are denied.

2. In response to the section entitled *Jurisdiction,* Defendant admits that jurisdiction is proper under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 (a), and that venue is proper because the claims giving rise to this lawsuit allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California. Defendant denies the remaining allegations of that section.

///

///

3. In response to the section entitled *Defendants*, Defendant admits that he was employed by the California Department of Corrections and Rehabilitation (CDCR) and assigned as a Custody Captain at Kern Valley State Prison (KVSP) at times material to the matters at issue.

4. In response to the section entitled *Previous Lawsuits,* Defendant is without sufficient knowledge or information to form a belief about the allegations of that section.

5. In response to the section entitled *Cause of Action, Count I*, Defendant responds as follows:

   a. Defendant denies that he engaged in a conspiracy to implement an animus race based lockdown that violated Plaintiff's rights under the Fourteenth Amendment.

   b. In response to paragraph 1, Defendant admits that Defendant Hedgpeth was the Warden at KVSP.  Defendant denies the remaining allegations of that paragraph.

   c. In response to paragraph 2, Defendant admits that term "Southern Hispanic" describes a street gang/disruptive group.  Defendant is without sufficient knowledge or information to form a belief about the remaining allegations of that paragraph.

   d. In response to paragraph 3-12, Defendant is without sufficient knowledge or information to form a belief about the allegations of those paragraphs.

   e. In response to paragraph 13, Defendant denies the allegations of that paragraph.

   f. In response to paragraphs 14-17, Defendant is without sufficient knowledge or information to form a belief about the allegations of those paragraphs.

   g. In response to paragraph 18, Defendant denies the allegations of that paragraph.

   h. In response to paragraphs 19-20, Defendant is without sufficient knowledge or information to form a belief about the allegations of those paragraphs.

   i. In response to paragraphs 21 and 22, Defendant denies the allegations of those paragraphs.

   j. In response to paragraphs 23-27, Defendant is without sufficient knowledge or information to form a belief about the allegations of those paragraphs.

   k. In response to paragraphs 28-31, these claims have been dismissed.  Defendant denies the allegations of those paragraphs.

        l.     In response to paragraph 32, Defendant denies the allegations of that paragraph.

6.     In response to the section entitled *Cause of Action, Count II,* Defendant responds as follows:

        m.     Defendant denies that he violated Plaintiff's Eighth Amendment rights.

        n.     In response to paragraphs 1-26, Defendant is without sufficient knowledge or information to form a belief about the allegations of those paragraphs.

7.     In response to the section entitled *Cause of Action, Count III,* Defendant iswithout sufficient knowledge or information to form a belief about the allegations of that section.

8.     In response to the sections entitled *Exhaustion of Administrative Remedies,* Defendant is without sufficient knowledge or information to form a belief about the allegations of those sections.

9.     Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff failed to state a claim upon which relief can be granted as to the Defendant.

2.     Plaintiff's claims are barred by the applicable statutes of limitations.

3.     The complaint is barred by the Eleventh Amendment to the United States Constitution.

4.     Plaintiff has failed to comply with applicable California tort claims statutes and law.

5.     Plaintiff lacks standing.

6.     Defendant is entitled to immunity.

7.     Plaintiff's own conduct contributed to his damages.

8.     Plaintiff has failed to mitigate his damages.

9.     Plaintiff is not entitled to punitive damages because Defendant Flores did not act with malicious intent to deprive him of any constitutional right or to cause any other injury.

10.    The complaint and all causes of action are barred by the doctrines of claim or issue preclusion.

///

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure Rule 38, Defendants demand that this case be tried before a jury.

**PRAYER FOR RELIEF**

Defendants pray that the Court provide the following relief:

1. Dismissal of the complaint;
2. Entry of judgment for all Defendants;
3. An award of costs of suit and attorneys' fees to Defendants; and
4. Such other relief as the Court deems proper.

Dated:  March 4, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
TRACY S. HENDRICKSON
Supervising Deputy Attorney General

*/s/  Kelli M. Hammond*

KELLI M. HAMMOND
Deputy Attorney General
*Attorneys for Defendant Flores*

SA2009313562
30963126.doc