IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alvaro Quezada,<br><br>        Plaintiff,<br><br>vs.<br><br>A. Hedgpeth, et al.,<br><br>        Defendants. | No. CV 1-08-1404-FRZ<br><br>**ORDER** |

Plaintiff Alvaro Quezada, confined in the Kern Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Defendants Hedgpeth, Flores, Nipper and Soto filed an Answer to Counts I, II and III of the Second Amended Complaint, alleging violations of Plaintiff's Fourteenth, Eighth and First Amendment rights.  A separate Scheduling Order will issue.

Reflected as pending in this action is a Request for an Extension of Time to Serve Responses to Discovery Requests by the Defendants and 11 additional motions filed by Plaintiff.  Seven of the pending motions filed by Plaintiff are related to discovery.  A Scheduling Order setting forth the deadlines and parameters for discovery and pretrial matters shall be entered forthwith.  Accordingly, the parties' motions regarding discovery shall be denied at this time.

Also pending is Plaintiff's "Motion for the Appointment of Counsel."  Counsel will only be appointed in a civil rights action in which there exists "exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v.*

*Brewer,* 935 F.3d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*citing Wilborn*, 789 F.2d at 1331 (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Plaintiff is able to articulate his claims on the issues presented and his assertions fail to establish the existence of the requisite exceptional circumstances for appointment of counsel. This is evidenced by Plaintiff's 82-page motion, inclusive of attachments. Moreover, Plaintiff has experience from the other actions he has filed. Accordingly, Plaintiff's renewed motion shall be denied.

Plaintiff also moves for injunctive relief, raising a number of grievance against prison officials in violation of rules and regulations and in violation of his constitutional rights.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Hughes v. City of Mariposa*, 2010 WL 2557453 *2 (E.D.Cal.)*(quoting Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1867 (1997). "The purpose of a preliminary injunction/temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the position until the merits of the action are ultimately determined." *Id*. (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (*quoting Winter v. Natural Resources Defense Council, Inc.*, — U.S. —, ----, 129 S.Ct. 365, 374 (2008).

Plaintiff has failed to set forth facts or evidence to warrant the extraordinary relief requested. Accordingly, Plaintiff's motion for injunctive relief shall be denied. Plaintiff's request for confirmed copies of motions filed shall also be denied. Unless a party submits a second copy to the Clerk of the Court, no conformed copy will be returned.

1   Based on the foregoing,

2   IT IS ORDERED that Defendants' Request for an Extension of Time to Serve
3   Responses to Discovery Requests (Doc. 26) and Plaintiff's motions related to discovery
4   (Docs. 31, 37, 38, 40, 41, 42 and 43) are DENIED without prejudice;

5   IT IS FURTHER ORDERED that Plaintiff's "Motion for the Appointment of
6   Counsel" (Doc. 32) is DENIED;

7   IT IS FURTHER ORDERED that Plaintiff's "Motion for Temporary Restraining
8   Order Preliminary Injunction" and "Motion to Dispense with the Requirement of Security"
9   (Docs. 33 & 36) are DENIED;

10   IT IS FURTHER ORDERED that Plaintiff's "Second Request for Confirmed Copies
11   of Two Motions Filed to This Honorable Court" (Doc. 39) is DENIED.

13   DATED this 17th day of August, 2010.

_____
Frank R. Zapata
Senior United States District Judge